## Frances Kalinski, Administratrix, Appellee, v. Williamson County Coal Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Williamson county; the Hon. ALBERT E. SOMERS, Judge, presiding. Heard in this court at the March term, 1913. Affirmed. Opinion filed October 9, 1913.

## Statement of the Case.

Action by Frances Kalinski, administratrix of the estate of Peter Kalinski, deceased, against Williamson County Coal Company, a corporation, to recover damages occasioned by the death of deceased, alleged to have been caused by the negligence of defendant while deceased was employed as a timberman in defendants' coal mine. From a judgment in favor of plaintiff for two thousand dollars, defendant appeals.

DENISON & SPILLER, for appellant; MASTIN & SHERLOCK, of counsel.

NEELEY, GALIMORE, COOK & POTTER, SHAEFER & KRUGER and T. R. MOULD, for appellee.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

Kalinski v. Williamson County Coal Co., 183 Ill. App. 541.

MR. JUSTICE HIGBEE delivered the opinion of the court.

## Abstract of the Decision.

1. MASTER AND SERVANT, § 191*—*duty of master to warn servant.* A master is not bound to warn a servant of dangers which are necessarily attendant upon the work he is about to do and of which he is warned by the very nature of his employment, nor is he obliged to instruct a servant as to dangers which are obvious or known or ought to be known to him.

2. MINES AND MINERALS, § 176*—*when evidence sufficient to show negligence in not warning servant.* In an action for damages resulting from the death of a timberman employed in defendant's mine, a verdict for plaintiff *held* sustained by evidence showing that the deceased was inexperienced and that the manager was guilty of negligence in directing deceased to work in a dangerous place without warning him of the danger.

3. MINES AND MINERALS, § 168*—*admissibility of evidence.* In an action for injuries resulting from failure of master to warn an inexperienced servant of dangers, evidence offered by defendant to show that the servant had submitted proofs to the union, of which he was a member, showing that he was a "practical miner," *held* properly excluded as immaterial.

4. MINES AND MINERALS, § 172*—*when cross-examination of mine manager not prejudicial error.* In an action for injury to servant in a mine, alleged to have resulted from the negligence of the mine manager in ordering an inexperienced servant to work in a dangerous place, the action of court in requiring the mine manager on cross-examination to answer a question whether he was well and healthy and able to walk over the mine so as to see the conditions of the place where he ordered servant to work, *held* not prejudicial error.

5. MINES AND MINERALS, § 182*—*questions for jury.* Whether an order of a mine manager was, from its nature, wilful or whether there was a wilful failure to warn servant of his danger, *held* a question for the jury.

6. MINES AND MINERALS, § 181*—*when proximate cause of injury a question for jury.* Whether failure of a mine manager to warn servant of dangers was the proximate cause of the injury, *held* a question for the jury.

7. MINES AND MINERALS, § 191*—*when instruction not misleading for failure to define promixate cause.* Instruction referring the question whether defendant's wilfulness was the proximate cause of the injury without defining the term "proximate cause" *held* not

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

misleading where the jury were accurately informed as to what they must find from the proofs.

8. INSTRUCTIONS, § 95*—*when instruction as to credibility of witnesses not objectionable as allowing unlimited latitude.* Instruction telling the jury to give the testimony of witnesses "such weight and credit as they think the same justly entitled to receive," *held* not objectionable as allowing jury unlimited latitude in judging of credibility of witnesses and not requiring them to base their judgment on the evidence, where the instruction distinctly tells them that they must fairly and impartially weigh and consider all the evidence and circumstances in proof.

9. NEGLIGENCE, § 213*—*when instruction not misleading.* Instruction that question of negligence of defendant and due care on part of deceased are to be determined from the evidence, *held* not misleading because it does not inform the jury of the law applicable to the case where the theories of the law applicable are given in other instructions.